UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO J. PARRADO,

    Plaintiffs,

v.                                    Case No.:

HOME DEPOT U.S.A, INC.

    Defendant.
_____/

### NOTICE OF REMOVAL OF CAUSE BY DEFENDANT, HOME DEPOT U.S.A., INC.

Defendant HOME DEPOT U.S.A., INC., by and through its undersigned counsel, hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Middle District of Florida, Tampa Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida (the "State Court"), Case No. 20-CA3233, and styled *Pedro J. Parrado v. Home Depot U.S.A., Inc. See,* Plaintiff's Complaint attached hereto as **Exhibit "A."** In support of this Notice of Removal of Cause, Defendant states as follows:

*Complete Diversity of Citizenship Exists*

1.    Plaintiff, Pedro J. Parrado, at the time of the alleged incident giving rise to this matter, and at all subsequent times material hereto, was and is a Florida citizen. *See Ex "A",.* ¶ 2. Specifically, Plaintiff's answers to interrogatories reflects Plaintiff's address as follows: 5435 Pentail Circle, Tampa, Florida 33625 (which reflects his residence is located within the Middle District of Florida). *See,* Defendant's General Negligence Interrogatories and Answers by Plaintiff attached hereto as **Composite Exhibit "B."** Defendant knows of no other addresses for Plaintiff,

or in the state of Georgia or the state of Delaware, where, as averred below, the Defendant would be deemed a citizen.[1]

2. Defendant Home Depot U.S.A., Inc. is a foreign corporation organized under the laws of the state of Delaware and which has its principal place of business in the state of Georgia at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Defendant Home Depot U.S.A., Inc. is not organized under the laws of the state of Florida, and does not have its principal place of business in the state of Florida. Therefore, Defendant is not a citizen of the State of Florida or the State of North Carolina.

3. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and the Defendant.

***The Amount in Controversy Requirement is Satisfied***

4. Pursuant to 28 U.S.C. §1332(a), the amount in controversy in this case exceeds the required $75,000 jurisdictional threshold.

5. Plaintiff's Complaint against Defendant alleges damages in excess of the State Court's $15,000.00 jurisdictional threshold and asserts a premises liability/trip-and-fall negligence claim on behalf of Plaintiff, Pedro J. Parrado. *See, Ex. "A", ¶ 1.* According to Plaintiff's Complaint, his claim derives from an alleged July 18, 2019 incident wherein Plaintiff asserts he lost his footing and fell at Defendant's store. *Ex. "A", ¶6.*

6. Plaintiff alleges, *inter alia*, that Defendant, HOME DEPOT U.S.A., INC., failed to maintain and keep the floors and grounds of the property in a safe and reasonable condition, failed

---

[1] Based on the foregoing, it is clear to Defendant that Plaintiff's true, fixed and permanent home and principal establishment, and to which she had the intention of returning whenever she was absent therefrom, is and was located within the state of Florida. *See, Mikesell v. FIA Card Services,* 936 F.Supp.2d 1327, 1330 (M.D. Fla. 2013).

to give warning of the latent or unrevealed dangers of the property, failed to properly inspect the premises, failed to make reasonable provisions for the safe condition, including the entrance/exit areas; and creating a dangerous condition. *Ex. "A", ¶11, subparts a.-f.*

7. According to Plaintiff, as a result, he "was injured in and about his body and extremities, suffered pain therefrom, suffered physical handicap and disfigurement, incurred hospital and medical expenses; said injuries are either permanent or continuing in nature and caused the Plaintiff mental and physical pain and anguish and the Plaintiff will suffer the losses in the future.." *Ex. "A", ¶13.*

8. "As the party seeking removal, Defendant bears the burden of establishing jurisdiction." Houston v. Garrison Prop. & Cas. Ins. Co., No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Houston, 2014 WL 6469608, at *2 (*citing* Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir.2001)).

9. In that regard and for purposes of meeting its evidentiary burden, Plaintiff provided his responses to Defendant's Interrogatories which reflect medical bills totaling over $100,000. *See Ex. B, Response # 11.*

10. Further, Plaintiff provided certain medical records and bills with his responses to Defendants discovery requests. A copy of the medical bills are attached hereto as **Composite Exhibit "C"**.

11.     Moreover, on November 26, 2019, Plaintiff underwent a laminoforamintomy with discectomy performed by Dr. Brett Menmuir, MD. A copy of the operative report is separately attached hereto as **Exhibit "D."**

12.     Moreover, and most importantly for purposes of removal to this Federal Court, Plaintiff's allegedly causally related billed past medical expenses total at least $129,107.09, incurred as of June 1, 2020. *See, Ex. C.* The included, and allegedly causally related bills/expenses are as follows:

- Valet Orthopedics;                        **$15,280.94**
- Westchase Surgery Center;                 **$22,891.64**
- Anesthesia Professional Services;         **$3,750.00**
- Ortho Neuro Surgical, LLC;                **$30,211.55**
- Legacy Surgery Center;                    **$5,541.50**
- Robert Martinez, M.D. P.A.;               **$525.00**
- PHP Total Health;                         **$38,035.92**
- Clearview Open MRI;                       **$2,842.54**
- LaRocca Chiropractic Centers LLC;         **$10,028.00**

13.     This $129,107.09 amount of allegedly causally related past medical expenses incurred for Plaintiff's care and treatment allegedly attributable to the referenced trip-and-fall, recovery of which is sought in the instant lawsuit, alone, exceed and satisfy the Federal Court's $75,000.00 jurisdictional threshold required under 28 U.S.C. §1332(a).

14.     Plaintiff may argue that although he was billed over $129,000 for medical treatment, the bills were paid by private insurance and he would only be entitled to recover $4,528.11.[2]

---

[2] With regard to any argument that the jurisdictional amount in controversy is not met because of third-party payments, Defendant notes that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future **reduction** in recoverable damages." *Stramiello v. Petsmart, Inc.*, No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010); *see also Henry v. K-Mart Corp.*, 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing with *Stramiello* that collateral source setoffs are not relevant to calculating jurisdiction amount at time of **removal**). "That Florida law might require a set-off at final judgment that reduces [Plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation."

15. Even if the Court finds this to be correct, Defendant asserts that it has still met its burden by a preponderance of the evidence an amount in controversy above the $75,000.00 jurisdictional threshold.

16. Defendant served Plaintiff with Request for Admissions and Plaintiff has admitted that he will be seeking more than a $75,000.00 verdict from a jury at trial of this matter. *See* Defendant's Request for Admissions to Plaintiff and Plaintiff's Responses attached hereto as **Composite Exhibit "E".**

17. Further, the Complaint reflects that Plaintiff "will suffer the losses in the future.." *Ex. "A", ¶13. See also, Bowen v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 1257470 (M.D. Fla. March 29, 2010).

### *The Other Prerequisites and Requirements for Removal Have Been Satisfied*

18. Defendant has filed with the Clerk of the State Court a Notice that this Cause has been removed.

19. There has been no waiver by this Defendant of any right to remove this cause to the Federal Court.

20. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

21. This Notice of Removal of Cause was timely filed within thirty (30) days from June 1, 2020, the date upon which the Defendant was served with the Responses to Interrogatories. *See, Ex. "B"*. This was the first date Defendant could have ascertained the case was subject to removal as Plaintiff did not provide any medical records, bills or Demand correspondence prior to filing the Complaint.

---

*O'Toole v. Napa Home & Garden, Inc.*, No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012).

b

22. If an action is not removable upon the initial pleadings, it may later become removable on the basis of a copy of an amended pleading, motion, order or other paper and then then defendant must file a notice of removal within thirty days of receiving such a document supporting removal. *See Bechtelheimer v. Continental Airlines, Inc.*, 755 F.Supp.2d 1211, 1213 (M.D. Fla. 2010).

23. Defendant has not waived its right to remove by filing its answer and conducting discovery in the state court. *Id.* at 1214 (finding that a party cannot waive removal by defending in state court before the basis for removal existed).

24. The undersigned counsel are attorneys of record for HOME DEPOT U.S.A., INC. and have been specifically authorized to act on behalf of the Defendant in seeking removal of this cause to the Federal Court.

**WHEREFORE**, Defendant, HOME DEPOT U.S.A., INC., hereby removes this cause from the Circuit Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida, Tampa Division, and requests that all further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this **29th day of June, 2020**.

**LUKS, SANTANIELLO, PETRILLO & COHEN**
100 N Tampa Street, Suite 2120
Tampa, FL 33602
Tel: 813/226-0081; Fax: 813/226-0082
*Counsel for Defendant, Home Depot U.S.A., Inc.*
Primary: **LuksTpa-Pleadings@LS-Law.com**
Secondary: **SMazuchowski@insurancedefense.net**

**/s/ Susan K. Mazuchowski**
**ANTHONY J. PETRILLO, ESQ.**
Board Certified Civil Trial Lawyer
Florida Bar No. 874469
**SUSAN K. MAZUCHOWSKI, ESQ.**
Florida Bar No. 91188

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this date, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system and an electronic copy was furnished to: **Eduardo R. Latour, Esq.,** LATOUR AND ASSOCIATES, P.A., 135 East Lemon Street, Tarpon Springs, FL 34689, **edlatourpleadings@gmail.com,** *Counsel for Plaintiff*, on this **29th day of June, 2019**, via electronic mail.

> **LUKS, SANTANIELLO, PETRILLO & COHEN**
> 100 N Tampa Street, Suite 2120
> Tampa, FL 33602
> Tel: 813/226-0081; Fax: 813/226-0082
> *Counsel for Defendant, Home Depot U.S.A., Inc.*
> Primary: **LuksTpa-Pleadings@LS-Law.com**
> Secondary: **SMazuchowski@insurancedefense.net**
>
> /s/ Susan K. Mazuchowski
> _____
> **ANTHONY J. PETRILLO, ESQ.**
> Board Certified Civil Trial Lawyer
> Florida Bar No. 874469
> **SUSAN K. MAZUCHOWSKI, ESQ.**
> Florida Bar No. 91188