IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

PEDRO J. PARRADO,

    Plaintiff,

                      Case No.:

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, PEDRO J. PARRADO, by and through his undersigned attorney, sues the Defendant, HOME DEPOT U.S.A., INC., and alleges:

### General Allegations

1. This is an action for damages which are in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of costs and interest.

2. At all times material hereto, the Plaintiff, PEDRO J. PARRADO, was and is a resident of Hillsborough County, Florida.

3. At all times material hereto, the Defendant, HOME DEPOT U.S.A., INC., was and is a foreign profit corporation duly organized and licensed to conduct business in the State of Florida.

4. On or about July 18, 2019, the Defendant, HOME DEPOT U.S.A., INC., was the owner of real property, located at 8815 N. Florida Ave., Tampa, Hillsborough County, Florida, at which a store known as "The Home Depot" was doing business.

5. At that said time and place, the Plaintiff, PEDRO J. PARRADO, went on the property owned by the Defendant, HOME DEPOT



U.S.A., INC., to rent equipment and was a business invitee.

6. At said time and place the Plaintiff lost his footing and fell on an improperly designed and/or improperly constructed and/or improperly maintained walk ramp connected to the outside area of the entrance/exit of the tool/equipment rental section of the store on said property, causing bodily injury to the Plaintiff.

7. At said time and place, the walk ramp was composed of dangerously uneven and/or sloped pavement on the Defendant's property; the depth, character, color, location, and surrounding of which were such that a prudent person would not have anticipated said uneven and/or sloped pavement under said circumstances.

8. At said time and place, there were no railings or hand supports on said outside entrance/exit ramp area of the premises of the afore-mentioned property, as mentioned above, when Plaintiff attempted to exit the building while holding the equipment he had rented, and while he was pushing open the non-automatic entrance/exit door, causing or contributing to cause the Plaintiff to fall and suffer serious bodily injuries.

## COUNT I

9. The Plaintiff, PEDRO J. PARRADO, realleges paragraphs 1 through 8 of the General Allegations.

10. At all times material hereto, the Defendant, HOME DEPOT U.S.A., INC., owed a duty to the Plaintiff, PEDRO J. PARRADO, and others similarly situated, to use a reasonable amount of care in the maintenance of the store and its surrounding property.

11. That the Defendant, HOME DEPOT U.S.A., INC., breached its

duty of care to the Plaintiff, PEDRO J. PARRADO, in one or more of the following ways, any one of which was a departure from the accepted standard of care:

(a) By failing to maintain and keep the floors and grounds of the property in question in a safe and reasonable condition;

(b) By failing or neglecting to give warning of the latent or unrevealed dangers of the property;

(c) By failing or neglecting to properly inspect said premises in question and failing or neglecting to have said property in a reasonable and safe condition;

(d) By failing to make reasonable provisions for the safe condition of the patrons throughout the property, including the entrance/exit areas;

(e) By failing to make reasonable provisions for the safe condition of the floors/grounds of its premises;

(f) By creating a dangerous condition.

12. The negligent condition was known to the Defendant, HOME DEPOT U.S.A., INC., or had existed for a sufficient length of time so that the Defendant, HOME DEPOT U.S.A., INC., should have known of it.

13. As a direct and proximate result of the carelessness and negligence of the Defendant, HOME DEPOT U.S.A., INC., as hereinabove alleged, the Plaintiff, PEDRO J. PARRADO, was injured in and about his body and extremities, suffered pain therefrom, suffered physical handicap and disfigurement, incurred hospital and medical expenses; said injuries are either permanent or continuing

in nature and caused the Plaintiff mental and physical pain and anguish and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, PEDRO J. PARRADO, demands judgment for damages against the Defendant, HOME DEPOT U.S.A., INC., a foreign corporation, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs and interest and further demands a trial by jury on all issues.

*(signature)*

Eduardo R. Latour
LATOUR & ASSOCIATES, P.A.
135 East Lemon Street
Tarpon Springs, Florida 34689
727/937-9577
Attorneys for Plaintiff
Florida Bar No. 279994
ed...rpleadings@gmail.com